FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2014 OCT 10 PM 2:14

SIGN_____
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD SMITH and JOHN HUDSON,<br>　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE UNITED STATES REPERSENTATIVE,<br>CONGRESSMAN BILL CASSIDY,<br>　　　　　　　　　　　　　Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 14-647-SDD-SCR |

## PETITION FOR DAMAGES

The "Petition" of EDWARD SMITH and JOHN HUDSON ("Plaintiffs"), who are domiciliary in East Baton Rouge Parish, States of Louisiana, respectfully represents:

I

### INTRODUCTION

Plaintiffs, EDWARD SMITH and JOHN HUDSON challenges the unlawfulness misprision action of Congressman Bill Cassidy, who was informed of the act of treason by the justices of United States Supreme Court, and having failed to report this to the President of the United States amounted to misprision of treason in violation of 18 U S C § 2382. Congressman Bill Cassidy failure, and/or misrepresentation to plaintiffs, EDWARD SMITH and JOHN HUDSON relative to the status of their case reported to have contacted The Honorable John Conyers, Chairman of the U. S. House of Representatives and Committee on the Judiciary, when in fact Congressman Cassidy had not and engaged in a cover-up to prevent the punishment of the justices of United States Supreme Court for treason.

1

On or about September 11, 2007, the former Congressman Richard Baker submitted an inquiry on behalf of his constituents, EDWARD SMITH and JOHN HUDSON to the Chairman John Conyers for consideration of impeaching the justices of United States Supreme Court. The plaintiffs' constitutional right(s) were not upheld when the judges failed to select their case to be heard before the court denied their right(s) to equal protection of the law as guaranteed by the 14th Amendment to the U. S. Constitution; thus, committed an act of treason. Thereafter, a written letter dated December 19, 2007 was provided by the former Congressman Richard Baker upon receiving information from Chairman Conyers about the status of plaintiffs' case, Congressman Baker states, "The Committee is reviewing this matter, but, to date, has not made any definitive decisions as to how they will proceed," a copy of which is attached hereto as Exhibits "A" and "B" and made a part hereof as if reprinted in extension.

II

## BACKGROUND

The plaintiffs' claim arose when they sent a series of letters to Congressman Bill Cassidy, the United States Representative for the 6th Congressional District of Louisiana, seeking representation in regarding the status of their case. As a result, plaintiff provided written correspondence to Congressman Cassidy on January 22, 2009, requesting that he contract the Chairman John Conyers for the status of the judiciary committee action on the possible impeachment of the members of the Supreme Court. Congressman Cassidy indicated that he had contacted Mr. John Conyers, Chairman of the House Judiciary Committee in a written response dated January 23, 2009, when in fact he had not. On April 14, 2009, plaintiff sent a written request to Congressman Cassidy to arrange a meeting for his failure to contact Chairman Conyers about the status of their case. Accordingly, a meeting was held on April 21, 2009 which

concluded that plaintiffs' case was closed and the Congressman was unable to help, when in fact he did not contact Chairman Conyers. On May 5, 2009, plaintiff submitted a formal complaint with the United States Department of Justice for deceptive practice and other violations of misrepresentation. Two years later, the U. S. Justice Department directed plaintiff to refer this matter to the Federal Bureau of Investigation (FBI) for alleged violation of federal criminal law. The FBI declined to investigate as alleged that the information did not disclose a facts pattern required to initiate a criminal investigation. On June 13, 2012, plaintiff forwarded a written request to Congressman John Conyers seeking information regarding the FBI response dated March 9, 2012 and March 16, 2012 in which he failed to answer. On July 16, 2012, plaintiff requested in a written letter a copy of the decision that was forwarded to the office of the former Congressman Richard Baker, and Congressman Conyers did not respond. On August 13, 2012, plaintiff faxed Ms. Robin Reeder with the Clerk Office of the U. S. House of Representatives and requested the decision of the inquiry dated September 11, 2007; thus, on August 24, 2012, in a written response by Ms. Karen L. Haas, Clerk of the U. S. House of Representatives, who states, "I am unable to provide you with any records of the Judiciary Committee that you have requested." Upon receipt of the document dated August 24, 2012, plaintiff made several unsuccessful attempts by phone to contact Congressman Conyers to justify the action of the Judiciary Committee. On October 11, 2012, plaintiff faxed the Honorable Darrell E. Issa, Chairman of the Oversight Committee and Government Reform, requested an investigation into the destroying of evidence by the judiciary committee to cover- up treason and he failed to reply. On October 24, 2012, plaintiff followed up with a fax to ranking member of the Oversight Committee and Government Reform Eligjah Eugene Cummings, who referred this matter to Congressman Cassidy for representation as he provided a written response dated December 17,

3

2012, that he had passed it along to the committee of jurisdiction which is the Committee on Oversight and Government Reform. On February 14, 2013, plaintiff forwarded a written request to the U. S. Attorney General Eric Holder for an investigation into the destroying of evidence by the judiciary committee and the Justice Department declined to take action for it was with the proper jurisdiction. On February 25, 2013, plaintiff was interviewed by special agents of the FBI regarding the U. S. House Judiciary Committee involvement in destroying evidence of two witnesses to cover- up treason and on March 12, 2013, the status of the investigation was reported that the director of the FBI forwarded the information to the U. S. Justice Department for prosecution and the Justice Department declined to take action. On May 28, 2013, plaintiff requested that Congressman Cassidy forward additional evidence to the pending investigation with the Committee on Oversight and Government Reform, and in a written response dated May 31, 2013 Representative Cassidy acknowledged that he had forwarded the information to Darrell E. Iass, Chairman of the Committee on Oversight and Government Reform who failed to move on the information. On June 18, 2013, plaintiff requested in a written letter that the matter be sent to the President of the United States as required by applicable law 18 U S C § 2382 and Congressman Cassidy failed to notify the President. On January 27, 2014, plaintiff submitted criminal charges to the U. S. Attorney's Office for prosecution of Congressman Bill Cassidy for violation of 18 U S C § 2382- misprision of treason and 18 U S C § 3- accessory after the fact, and this matter is currently pending.

III

## JURISDICTION

The jurisdiction of this court is invoked pursuant to 18 U S C § 242 and § 241; 28 U S C § 1367; 42 U S C § 1985, and § 1988.

## PARTIES

### MADE DEFENDANT IS:

The Honorable William "Bill" Cassidy (hereinafter "Congressman Bill Cassidy"), who is and was at the time this claim arose was a United States Congressman for the 6th Congressional District in the State of Louisiana. Thus, defendant is responsible for representing the persons who resides in that district which includes the plaintiffs, EDWARD SMITH and JOHN HUDSON.

### PLAINTIFFS:

EDWARD SMITH a major domiciliary of this parish and state at all times pertinent hereto was citizen hereof.

JOHN HUDSON a major domiciliary of this parish and state at all times pertinent hereto was citizen hereof.

IV

Plaintiffs' claim arose when they sent a series of letters to Congressman Bill Cassidy, the successor of the United States Representative for the 6th Congressional District of Louisiana, seeking representation in impeaching members of United States Supreme Court for failing to grant their writ of certiorari, which amount to treason.

V

As a result, plaintiff sent a letter to Congressman Bill Cassidy on January 22, 2009, requesting that he contact the Chairman John Conyers for the status related to the written correspondence dated December 19, 2007 of the judiciary committee action on possible impeachment of the members of the Supreme Court.

VI

By written correspondence dated January 23, 2009, Congressman Bill Cassidy indicated that he had contacted Mr. John Conyers, Chairman of the House Judiciary Committee. Congressman Cassidy in fact had not, and did not contact Chairman Conyers as he had indicated. This amounted to a cover-up to protect of the justices of United States Supreme Court from a charge of treason.

VII

**FURTHER**, plaintiffs alleged that the United States Supreme Court failed to grant their writ application amounted a violation of their right(s) to equal protection of the law as guaranteed by 14th Amendment to the U. S. Constitution; thus, an act of treason was committed. See U.S. v. Will 449 U.S. 200, 216 101 S. St. 471; 66L. ED. 2d 392, 406 (1980).

VIII

Defendant Congressman Cassidy was requested by plaintiff to forward additional evidence to the pending investigation with the Committee on Oversight and Government Reform. Nevertheless, Chairman Issa failed to respond which Congressman Cassidy never notified plaintiff nor did he forward the plaintiff's complaint to President Barack Obama.

IX

The failure of Congressman Cassidy to forward plaintiff's information to President Obama denied plaintiffs due process of law, and amounted to misprision of treason.

X

Defendant, Congressman Cassidy, having been informed of the act of treason by the justices of United States Supreme Court, and having failed to report this to the President of the United States amounted to misprision of treason in violation of 18 USC § 2382.

XI

**TAXATION WITHOUT REPRESENTATION**

Taxation without representation is a theory that was advanced in the 1700's when these United States was fighting for its independence from its mother country (England) on the basis that it was being heavily taxed without the benefit of being represented. That is the colonies had to pay heavy taxes but England (Mother Country) was not responsible to our needs.

XII

Plaintiffs, EDWARD SMITH and JOHN HUDSON submit that they are citizens of the State of Louisiana and pay all applicable taxes, but is not properly represented by their Representative, William "Bill" Cassidy.

XIII

On January 22, 2009, plaintiff forwarded a letter to Congressman Cassidy requesting the status of their case related to the written correspondence dated December 19, 2007 of the judiciary committee action on possible impeachment of the members of the Supreme Court.

IVX

Congressman Cassidy responded indicating that he had forwarded and/or had contacted Mr. John Conyers, Chairman of the House Judiciary Committee, when on information and belief, he had not.

XV

Due to the actions of Congressman Cassidy, EDWARD SMITH and JOHN HUDSON sustained the following injuries and damages (Federal claims):

A. Violation of Civil Rights pursuant to the equal protection clause of the United States Constitution……………………………….....$2,000.000.00;

B. Violation of Civil Rights pursuant to the due process clause of the United States Constitution pursuant to the 14th Amendment……..$1,000,000.00;

C. Conspiracy to violate Civil Rights……………………....$1,000,000,00;

D. Fraud………………………….......................................$1,000,000.00;

E. Breach of Fiduciary Duty…………………………….….$1,000,000.00;

F. Deceptive practice……………………………...................$1,000,000.00;

G. Punitive damages ……………………………………….$100,000,000.00.

## STATES LAW CLAIMS

A. Humiliation and embarrassment past and future ………….$100,000.00

B. Mental depression and anxiety past and future ……………$250,000.00

C. Loss of resource ……………………………………………$50,000.00

D. Loss of enjoyment of life ……………………………………$150,000.00

WHEREFORE, plaintiff EDWARD SMITH and JOHN HUDSON prays that the defendant Congressman Bill Cassidy herein been cited, and served with a copy of this lawsuit, and ordered to answer within the delays allowed by law; that after due proceeding he be cast in judgment in money amounts, and all other equitable relief in the premises.

RESPECTFULLY SUBMITTED:

*/s/ Edward Smith*
**EDWARD SMITH**
2862 73rd Avenue
Baton Rouge, LA 70807
(225) 355- 2980
**IN PROPER PERSON**

*/s/ John Hudson*
**JOHN HUDSON**
4626 Linstrom Drive
Baton Rouge, LA 70814
(225) 273-3344
**IN PROPER PERSON**