UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SMITH AND
JOHN HUDSON                                      CIVIL ACTION

VERSUS                                           NO. 14-647-SDD-SCR

BILLCASSIDY AND THE
UNITED STATES OF AMERICA
AS PRINCIPAL OF THE UNITED
STATES REPRESENTATIVE,
CONGRESSMAN

## RULING

This matter is before the Court on the *Motion to Dismiss* filed by Defendant Bill Cassidy("Cassidy").[1] Plaintiffs Edward Smith and John Hudson ("Plaintiffs"), proceeding *pro se*, have filed an *Opposition*[2] to the motion. For the reasons which follow, the Court finds that the motion should be granted.

I.  **Factual Background**

On October 14, 2014, Plaintiffs filed a *Petition for Damages*[3] against the Honorable Bill Cassidy, former United States Representative for the Sixth Congressional District of Louisiana, now the current Senator for the State of Louisiana. On December 15, 2014,

---

[1] Rec. Doc. No. 6.

[2] Rec. Doc. No. 9.

[3] Rec. Doc. No. 1.

Plaintiffs filed an *Amended and Supplemental Petition for Damages*[4] adding the United States as a Defendant in this matter. Essentially, Plaintiffs claim that Cassidy has violated their rights under the United States Constitution and a variety of federal and state statutes for failing to report and investigate the Plaintiffs' complaint that the United States Supreme Court Justices denied writs to hear their cases because of the Justices' alleged racial bias against the Plaintiffs. Plaintiffs contend that the Supreme Court's failure to grant their writ of *certiorari* was an act of treason.[5] Plaintiffs also allege they have reported this misconduct to the Federal Bureau of Investigation (FBI) and the Department of Justice (DOJ) to no avail.[6] Plaintiffs complain that they sent several letters to Cassidy seeking his representation in initiating articles of impeachment against the Supreme Court Justices, and Cassidy has failed to contact the Judiciary Committee Chairman or in any way investigate or carry out their requests.

Senator Cassidy moves to dismiss this action under Rules 12(b)(1), (5), & (6) of the Federal Rules of Civil Procedure for, *inter alia*, lack of standing, sovereign immunity, insufficient service of process, and failure to state a claim upon which relief may be granted. The United States has not appeared in this matter, and the Clerk of Court recently entered an *Order*[7] granting Plaintiffs' *Motion for Entry of Default* against the United States.

## II. Law and Analysis

---

[4] Rec. Doc. No. 4.

[5] Rec. Doc. No. 1, p. 2.

[6] *Id.*

[7] Rec. Doc. No. 12.

### A. Motion to Dismiss under Rule 12(b)(1)

Cassidy argues that, because Plaintiffs have failed to establish Article III standing, this Court lacks jurisdiction to hear this case. It is axiomatic that federal courts are courts of limited jurisdiction.[8] The burden of establishing federal jurisdiction rests on the party invoking the federal forum.[9] Pursuant to Rule 12(b)(1), "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[10] Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."[11] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[12] Lack of subject matter jurisdiction may be raised at any time.[13]

The United States Supreme Court instructs that, "the irreducible constitutional minimum of standing contains three elements."[14] These elements are: "(1) an 'injury in fact'

---

[8] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[9] *Id.*

[10] *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citation and internal quotation marks omitted).

[11] *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941(5th Cir. 2013) (citations omitted).

[12] *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998) (citation omitted).

[13] *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999).

[14] *Lujan v. Defenders of Wildlife*, 504 U.S. at 560.

that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury."[15] "The party invoking federal jurisdiction bears the burden of establishing these elements."[16] At the pleading stage, allegations of injury are liberally construed.[17]

Plaintiffs claim they have standing because they have alleged that their Constitutional rights have been violated. This claim is meritless for several reasons. First, Plaintiffs do not have a Constitutional right to have their case heard by the United States Supreme Court. Second, Plaintiffs' dissatisfaction with Cassidy's response, or lack thereof, to their complaints is not the cause of their alleged injury, *i.e.*, the denial of a writ of *certiorari* by the Supreme Court. Further, Plaintiffs fail to establish the element of redressability because the Court lacks authority to direct a legislator to act in a particular way, engage in specific legislative acts, or initiate investigations.[18] Plaintiffs likewise lack standing to bring criminal charges against Cassidy as "[i]is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion,

---

[15] *Croft v. Governor of Texas*, 562 F.3d 735, 745 (5th Cir.2009) (citing *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130).

[16] *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130.

[17] *Id.*("[O]n a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim' [of standing]." (quoting *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990))).

[18] *Cf. Lewis v. D.C. Judiciary,* 534 F.Supp.2d 84, 85 (D.D.C.2008)(separation-of-powers doctrine precludes courts from compelling Congress to adopt certain rules); *Orta Rivera v. Congress of U.S.,* 338 F.Supp.2d 272, 279 (D.P.R.2004)(Court lacks authority to order Congress to take legislative action on granting Puerto Rico statehood or independence); *Trimble v. Johnston,* 173 F.Supp. 651, 653 (D.D.C.1959) ("[T]he Federal courts may not issue an injunction or a writ of mandamus against the Congress").

and private citizens do not have a constitutional right to compel criminal prosecution."[19] Thus, dismissal is proper under Rule 12(b)(1).

### B. Motion to Dismiss under Rule 12(b)(6)

When a court considers a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."[20] "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.' "[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[23] Furthermore, "[a] complaint does not 'suffice if it tenders "naked assertion[s]' devoid of 'further factual enhancement.'"[24] The Court is also cognizant that it

---

[19] *Lewis v. Jindal*, 368 F. App'x 613, 614 (5 th Cir. 2010)((citing *United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (discussing prosecutorial discretion); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990) ("Contrary to Oliber's contention, he does not have a constitutional right to have someone criminally prosecuted.")).

[20] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir.2010).

[21] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir.2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[22] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

[23] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005).

[24] *Wilson v. Kirby Corporation*, 2012 WL 1565415 (E.D. La. 5/1/12), *quoting Ashcroft*, 556 U.S. at 677, 129 S.Ct. at 1949).

must "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel."[25]

The Court finds that Plaintiffs' suit is also subject to dismissal because they fail to state a claim upon which relief may be granted. Plaintiffs' suit is based on their dissatisfaction with then-Congressman Cassidy's response to their complaints about the Supreme Court Justices and requests for impeachment proceedings. Plaintiffs contend their Constitutional rights have been violated by Cassidy's failure to protect their rights to be heard by the Supreme Court. However, the jurisprudence is clear that a "Plaintiff has no constitutional right to have [his] Congressman make particular decisions or take particular actions."[26]

For example, in *Liao v. Ashcroft*,[27] the plaintiff brought suit against various parties, including a judge and a United States Representative. The court granted Representative Smith's motion to dismiss finding as follows:

> Because the claims asserted against Representative Smith are predicated on his failure to take action or respond to Liao's request for assistance, dismissal of these claims is appropriate. Liao's allegations, even if true, do not arise to the level of an actionable wrong. A member of Congress' refusal to assist a constituent in response to the constituent's request for help does not create a cognizable claim. *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir.1988) (affirming district court finding that a constituent is not entitled to

---

[25] *Franklin v. City of Slidell*, 936 F.Supp.2d 691, 697, n. 2 (E.D. La. 2013)(quoting *Smith v. Lonestar Constr. Co., Inc.*, 452 F. App'x 475, 476 (5th Cir. 2011)).

[26] *Adams v. Richardson*, 871 F.Supp. 43, 45 (D.D.C. 1994). *See also Lance v.Coffman*, 549 U.S. 437, 439 (2007)(reaffirming "lengthy pedigree" of Supreme Court's refusal to "serve as a forum for general grievances" about government); *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir.1992) (upholding dismissal of claim against Congressman arising out of service to constituent, stating that "[f]or the federal judiciary to subject members of Congress to liability for simply doing their jobs would be unthinkable"), *cert denied*, 510 U.S. 842 (1993).

[27] No. 08-2776 PJH, 2009 WL 1066302 (N.D. Cal. Apr. 21, 2009).

sue for damages simply because his or her representative fails to perform according to the constituent's wishes); *Craft v. McNulty*, 875 F.Supp. 121, 124 (N.D.N.Y.1995) (finding that fact that defendant Congressman "failed to follow-up on the alleged wrongdoings of an Internal Revenue Service personnel is neither inappropriate nor actionable under the laws"); *Adams v. Richardson*, 871 F.Supp. 43, 45 (D.D.C.1994) (finding that there is no constitutional right to have a Congressman make particular decisions or take particular actions; noting that a Congressman's decisions on when and how to address his constituents were well within his legislative discretion and are matters with which the courts should not become enmeshed). Accordingly, the claims asserted against Representative Smith are dismissed for failure to state a claim upon which relief can be granted.[28]

The same analysis and reasoning set forth in *Laio* is applicable to the claims before the Court.

Plaintiffs' suit is also barred by sovereign immunity. Cassidy has argued this defense, and Plaintiffs have utterly failed to address it or present any legal exception to this defense. "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[29] This immunity extends to Members of Congress, such as Congressman (now Senator) Cassidy, when sued in an official capacity.[30] Sovereign immunity precludes the exercise of jurisdiction over Congressman (now Senator) Cassidy absent an "unequivocally expressed" waiver of that immunity.[31] Thus, dismissal is also appropriate under the doctrine of sovereign immunity.

---

[28] *Id.* at * 5.

[29] *United States v. Sherwood,* 312 U.S. 584, 586 (1941).

[30] *See Keener v. Congress*, 467 F.2d 952, 953 (5th Cir.1972).

[31] *United States v. King*, 395 U.S. 1, 4 (1969).

### C. Motion to Dismiss under 28 U.S.C. § 1915

Cassidy also moves to dismiss Plaintiffs' case based on its alleged frivolous nature pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiffs similarly failed to substantively respond to this argument. Section 1915(e)(2) provides for dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact."[32] A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."[33] A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."[34] Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.[35]

Based on the foregoing legal authority, the Court finds that Plaintiffs' claims are frivolous, as that term is defined above. The summary of Plaintiffs' claims presented above reflect that they are "fanciful, delusional, or fantastic." These allegations are irrational and have no legal merit whatsoever.

---

[32] *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

[33] *Id.* at 327.

[34] *Id.* at 327-28.

[35] *Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (citations and internal quotation marks omitted).

For all of the reasons[36] set forth by Cassidy, his *Motion to Dismiss* is GRANTED.

### D. Preliminary Default against the United States

As set forth above, the Plaintiffs moved for the Clerk's Entry of Default because the United States has failed to respond or appear in this matter. The Clerk of Court entered an *Order* of default on February 24, 2015. Because the Court's *Ruling* applies with equal force to Plaintiffs' claims against the United States, and the Court lacks subject matter jurisdiction over the United States in this matter, the Court hereby VACATES the *Order* of preliminary default. No default judgment could ever be confirmed in this matter as Plaintiffs' case has no factual or legal basis.

### III. CONCLUSION

---

[36] The Court has considered all arguments of the parties whether or not specifically addressed herein. To the extent that the Court failed to address in particular an argument by Cassidy in his *Motion to Dismiss*, the Court notes that each and every argument put forth by Cassidy has merit and is not rebutted by Plaintiffs' *Opposition*.

For the reasons set forth above, the *Motion to Dismiss*[37] by Senator Bill Cassidy is GRANTED. Plaintiffs' suit is dismissed with prejudice in its entirety as to all Defendants. The Court exercises supplemental jurisdiction[38] over Plaintiffs' state law claims; however, because these claims are also without merit for the reasons set forth above, Plaintiffs' state law claims are likewise dismissed with prejudice.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>February 25, 2015</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. No. 6.

[38] *See* 28 U.S.C. § 1367.